**LEGAL ACTION CENTER**
*Breaking Barriers. Defending Dignity.*

June 17, 2024

**Via ECF and FAX**
(914) 390-4179

Honorable Nelson S. Román
U.S. District Court, Southern District of New York
300 Quarropas St.
White Plains, New York 10601
Courtroom 218

      Re:    *Shawn Landau v. Good Samaritan Hospital, et al.*, Case No. 23-cv-7227 (NSR) (JSM)

Dear Judge Román:

    On behalf of Plaintiff Shawn Landau, we write to advise the Court of newly available authority relevant to the pending Motion to Dismiss briefing (Dkt. 32-34), which awaits decision. On June 12, in *Costin v. Glens Falls Hosp.*, No. 23-379, 2024 WL 2947439, at *6-7 (2d Cir. June 12, 2024), the Second Circuit reiterated that plaintiffs state a claim of disability discrimination through allegations that practices and policies by healthcare providers are either irrelevant to medical decision making or based on stigma toward a disability, rather than medical rationale. In addition, the U.S. Department of Health and Human Services ("HHS") recently issued regulations, which were not mentioned in *Costin*, that clarify existing protections under Section 504 of the Rehabilitation Act of 1973 ("Section 504") and address discrimination in medical treatment.

    Costin alleged that certain practices and policies of the hospital defendants violated anti-discrimination laws prohibiting disability-based discrimination by singling out people with opioid use disorder ("OUD") based on stigma toward people with that disability. *Costin*, 2024 WL 2947439, at *6-7. The Second Circuit vacated the lower court's dismissal of these claims, explaining that discrimination may occur within medical decision making. *Id*. (citing *McGugan v. Aldana-Bernier*, 752 F.3d 224, 231 (2d Cir. 2014)).

    First, the Court reiterated that practices and policies that have no relevance to medical decision making may violate anti-discrimination laws. *Id*. at *6 (holding that Costin stated a claim of discrimination through allegations that the hospital defendants reported possible child abuse for every patient taking buprenorphine, and such policies have no relevance to medical decision making). Second, the Court distinguished allegations that treatment was simply deficient from allegations that treatment was "dictated by bias rather than medical knowledge," the latter of which state a claim for discrimination. *Id*. at *5-7 (citing *McGugan*, 752 F.3d at 231). The Court held that "[Costin's] allegations support an inference that the Hospital has a blanket policy of drug-testing patients who take Subutex based on a pejorative view of them as dishonest (or, worse, drug-

dealers), rather than based on any medical rationale." *Id*. at *7.[1] In contrast, the Court upheld dismissal of some of Costin's claims where the circumstances alleged did not suggest that medical decisions were based on factors unrelated to the medical need or based on stigma toward her disability. *Id*. at *5.

Directly relevant to discrimination within the context of medical treatment, on May 9, 2024, HHS issued a final rule on Section 504 of the Rehabilitation Act, clarifying existing protections for people with disabilities. Nondiscrimination on the Basis of Disability in Programs or Activities Receiving Federal Financial Assistance, 89 FR 40066, 40188 (May 9, 2024) (to be codified at 45 C.F.R. Part 84) (effective July 8, 2024).[2] Section 84.56 explains that disability discrimination occurs in the context of medical treatment in several ways, including where a person is denied treatment based on bias or stereotypes about their disability or a provider denies clinically appropriate treatment to a person because of their disability. *Id*.

In sum, the *Costin* holding and Section 504 rules support that Mr. Landau stated claims of disability-based discrimination through allegations that Defendants' denials of healthcare were not relevant to medical decision making surrounding the treatment of his OUD or infections, and that Defendants' practices and policies singled out people with OUD for the denial of care based on stigma toward people with his disability rather than medical rationale. Dkt. 33, p. 7-21; *see also* Dkt. 22 ¶ 5 ("Defendants ignored that Mr. Landau was an appropriate candidate for a PICC line, instead telling him that he was a junkie…").

We thank the Court for its consideration.

Respectfully submitted,

LEGAL ACTION CENTER

By: */s/ Rebekah Joab*
Rebekah Joab
Diane Johnston
Jennifer Sinton
225 Varick St., 4th Floor
New York, New York 10014
(212) 243-1313
rjoab@lac.org

---

[1] Of note, the Department of Justice ("DOJ") and HHS submitted an amicus brief in support of Ms. Costin, emphasizing that to state a claim, plaintiffs need only plead that their disability was a substantial cause of their inability to obtain medical services. Brief for the United States as Amicus Curiae Supporting Appellant, *Costin v. Glens Falls Hosp.*, No. 23-379, 2024 WL 2947439 at *21 (2d Cir. July 7, 2023).

[2] HHS explains that the purpose of the rule is to "add new provisions that clarify existing requirements under section 504 prohibiting recipients of financial assistance from the Department (recipients) from discriminating on the basis of disability." Discrimination on the Basis of Disability in Health and Human Service Programs or Activities, 88 FR 63392, 63392 (Sept. 14, 2024) (to be codified at 45 C.F.R. Part 84).

        EISENBERG & BAUM, LLP

        By: /s/ *David John Hommel*
        David John Hommel
        24 Union Square East, PH
        New York, NY 10003
        (212) 353-8700
        DHommel@eandblaw.com

        Attorneys for Plaintiff

CC Via ECF:    AARONSON, RAPPAPORT, FEINSTEIN & DEUTSCH, LLP

        Larry D. Bloomstein
        Elliott J. Zucker
        Peter J. Fazio
        Robert L. Isabella

        Attorneys for Defendants