UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAWN LANDAU,

Plaintiff,

-against-

GOOD SAMARITAN HOSPITAL, BON SECOURS CHARITY HEALTH SYSTEM INC., and WESTCHESTER COUNTY HEALTH CARE CORPORATION d/b/a WESTCHESTER MEDICAL CENTER HEALTH NETWORK,

Defendants.

Case No. 23-cv-7227 (NSR) (JCM)

**PROTECTIVE ORDER**
**RE: PLAINTIFF'S PROTECTED HEALTH INFORMATION**
**AND PRIVLEGED MATERIALS**

In light of the protections federal law affords to records relevant to this lawsuit (e.g., 42 U.S.C. 290dd-2; 42 C.F.R. Part 2, the Health Insurance Portability and Accountability Act ("HIPAA"); 45 C.F.R. § 164.512), and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the issuance of a protective order and hereby ORDERS as follows:

1. The parties and their attorneys in the above-captioned litigation are hereby authorized to receive, subpoena and transmit certain protected heath information pertaining to Plaintiff ("Plaintiff's Protected Health Information") to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, Plaintiff's "Protected Health Information," includes, but is not limited to, health information, including demographic

information, relating to: (a) the past, present, or future physical or mental condition of an individual; (b) personally identifying information such as social security numbers, financial account numbers, passwords, and information that may/could be used for identity theft; (c) the provision of care to an individual; and/or (d) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual. All of Plaintiff's information protected by HIPAA and 42 C.F.R. Part 2 will constitute Plaintiff's Protected Health Information.

3. The parties and their attorneys shall not be permitted to use or disclose Plaintiff's Protected Health Information for any purpose other than this litigation. For the avoidance of doubt, Plaintiff's Protected Health Information may not be disclosed to third parties under the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), or New York's Freedom of Information Law, N.Y. Pub, Off. L §§ 84–90 ("FOIL").

4. The parties and their attorneys shall be permitted to use or disclose Plaintiff's Protected Health Information for purposes of prosecuting or defending this action, including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, insurance adjusters or claims professionals, and other entities or persons involved in the litigation process.

5. Prior to disclosing Plaintiff's Protected Health Information to persons involved in this litigation, counsel shall inform each such person that Plaintiff's Protected Health Information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Plaintiff's Protected Health Information do not use or disclose such information for any purpose other than this litigation.

6. In the event that a party receiving Plaintiff's Protected Health Information experiences a data breach, she, he, or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect Plaintiff's Protected Health Information from unauthorized disclosure.

7. Entry of this Order shall not prejudice the right of any party to seek other or further relief from the Court including, but not limited to, other protections necessary to comply with U.S. data protection laws or other U.S. privacy obligations.

8. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiff's Protected Health Information under seal.

9. Within 45 days after the conclusion of the litigation, including appeals, the parties, their attorneys, and any person or entity in possession of Plaintiff's Protected Health Information received from counsel pursuant to paragraph four of this Order, shall return Plaintiff's Protected Health Information or destroy any and all copies of Plaintiff's Protected Health Information, except that counsel are not required to secure the return or destruction of Protected Health Information submitted to the Court.

10. This Order's obligations regarding Plaintiff's Protected Health Information shall survive the conclusion of this case.

11. The provisions of this Order shall apply retroactively to any documents or materials already produced.

SO ORDERED:

[signature] 9-23-26
JUDITH C. McCARTHY
United States Magistrate Judge